IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DA'VHON YOUNG,**

    **Plaintiff,**

**vs.**                                               **Case No. 4:25cv321-MW-MAF**

**ROBERT KELLY, and**
**TALLAHASSEE POLICE**
**DEPARTMENT,**

    **Defendants.**

**_____/**

## REPORT AND RECOMMENDATION

On July 30, 2025, Plaintiff submitted a civil rights complaint, ECF No. 1, and a motion requesting the appointment of counsel, ECF No. 2, to this Court in an attempt to initiate a new case. Plaintiff did not, however, file a motion requesting leave to proceed with in forma pauperis status or pay the filing fee as required by Local Rule 5.3. Ordinarily, the case would be dismissed without prejudice for failure to comply with the local rules. *See* Castro v. Director, F.D.I.C., 449 F. App'x 786, 788 (11th Cir. 2011).

However, the Court has reviewed Plaintiff's complaint. ECF No. 1. Plaintiff seeks to bring claims against the Tallahassee Police Department

and one of its officers for arresting Plaintiff in June 2019. *Id.* at 5. Plaintiff brings various constitutional claims challenging the legality of that arrest and ensuing events, and alleging that he was found not guilty of the alleged crimes on January 24, 2022. *Id.*

Plaintiff's complaint alleged that Plaintiff has had 3 cases dismissed for reasons listed in § 1915(g) which count as "strikes." ECF No. 1 at 9. Plaintiff listed cases: 4:20cv224-WS-EMT, 4:22cv464-WS-MJF, and 4:23cv290-MW-MAF. *Id.* The first and last cases cited by Plaintiff are habeas cases. Habeas petitions are not counted as strikes and those cases were not dismissed as frivolous or malicious, for failure to state a claim, or for seeking monetary relief against a defendant who is immune from such relief. Case number 4:20cv224 and case number 4:23cv290 were dismissed for failure to prosecute and comply with court orders.

Furthermore, Plaintiff responded to Question B of the complaint form by acknowledging he had filed two other cases which dealt with the same facts or issues involved in this case: case number 4:20cv224-WS-EMT and case number 4:22cv464-WS-MJF. ECF No. 1 at 9-10. While the Court has not reviewed the complaints in those cases, it is noted that the only named Defendant in both of those cases was the State of Florida, not the

two Defendants named in this case. Plaintiff also responded to Question C by stating that he had not filed any other lawsuits challenging his conviction or relating to the conditions of his confinement. ECF No. 1 at 10. Those assertions are not true.

Besides the three cases noted above which Plaintiff disclosed, he failed to disclose eleven more cases.[1] Cases may be dismissed because a prisoner failed to honestly disclose his litigation history. *See* Wynn v. Postal Serv., 735 F. App'x 704, 705 (11th Cir. 2018) (citing to Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).

Moreover, the fatal deficiency with Plaintiff's complaint is that he did not properly list prior cases which were dismissed as "strikes." Judicial notice is taken that case number 4:23cv75-WS-MAF was dismissed in this

---

[1] Plaintiff filed the following cases in this Court:
4:20-cv-00243-MW-HTC, YOUNG v. KELLY, filed on 05/05/20, closed on 07/07/20; 4:20-cv-00359-MW-MAF, YOUNG v. MCNEIL, filed on 07/16/20, closed on 11/22/20; 4:21-cv-00051-WS-MJF, YOUNG v. MCNEIL, filed on 01/25/21, closed on 06/09/21; 4:21-cv-00399-WS-MAF, YOUNG v. KELLY, et al., filed on 09/27/21, closed 12/28/21; 4:23-cv-00075-WS-MAF, YOUNG v. KELLY, et al., filed on 02/16/23, closed 04/05/23; 4:23-cv-00118-WS-MAF, YOUNG v. BALDWIN, et al., filed 03/28/23, closed 06/08/23; 4:23-cv-00157-AW-MAF, YOUNG v. WCTV NEWS CHANNEL, filed 04/20/23, closed on 07/19/23; 4:23-cv-00289-WS-MAF, YOUNG v. KELLY, et al., filed 07/07/23, closed on 09/29/23; 4:24-cv-00087-WS-MJF, YOUNG v. KELLY, et al., filed 02/22/24, closed on 05/09/24; 4:24-cv-00103-AW-MAF, YOUNG v. STATE OF FLORIDA, filed on 02/28/24, closed on 04/12/24; and 4:24-cv-0161-MW-MAF, YOUNG v. WCTV NEWS CHANNEL, filed on 04/05/24, closed on 07/14/25. All of the cases filed against Defendant Kelly presumably deal with the same facts or issues as involved in this case and should have been listed in response to Section VIII, Question B, of the complaint form.

Case No. 4:25cv321-MW-MAF

Court as "malicious" for failing to honestly disclose all of Plaintiff's prior litigation pursuant to § 1915(e)(2)(B)(i).  Case number 4:24cv87-WS-MJF was also dismissed by this Court as "malicious" for the same reason.  Case number 4:22cv161-MW-MAF was dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  Likewise, case number 4:22cv464-WS-MJF was dismissed for failure to state a claim.  Plaintiff has had four cases dismissed for the reasons listed in 28 U.S.C. § 1915(g).[2]

Accordingly, Plaintiff is not entitled to proceed with in forma pauperis status in this case because Plaintiff does not - and cannot - allege that he is facing "imminent danger of serious physical injury" from the Defendants.  Moreover, a prisoner-plaintiff who has three "strikes" under § 1915(g) is not entitled to proceed with a civil case in federal court unless he simultaneously pays the filing fee at the time of case initiation.   Because Plaintiff did not pay the $405.00 filing fee at the time of case initiation, this case must be dismissed.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice

---

[2] That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). Plaintiff "cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling the action if he simultaneously submits the $405.00 filing fee pursuant to 28 U.S.C. § 1915(g). It is further recommended that if this Recommendation is adopted by the Court, the Clerk of Court should be directed to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 31, 2025.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**